IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JEREMIAH CHALWAIN GREEN,<br><br>Plaintiff,<br><br>vs.<br><br>JUDGE DEBORAH KIM CHRISTOPHER, D.A. MITCHELL YOUNG, LARRY NISTLER, and THOMAS KRAIG,<br><br>Defendants. | CV 24-82-M-DWM<br><br><br>ORDER |

On June 13, 2024, Plaintiff Jeremiah Green filed a 42 U.S.C. § 1983 Complaint. (Doc. 2.) The Complaint fails to state a claim and is dismissed.

I. STATEMENT OF THE CASE

A.  Parties

Green has named as defendants Judge Deborah Kim Christopher, D.A. Mitchell Young, and two attorneys, Larry Nistler and Thomas Kraig. (Doc. 2 at 2 – 3.) All are named in their official and individual capacities.

B. Allegations

Green alleges various violations of his trial rights, including the right to a speedy trial, an unbiased jury, effective counsel, and an unbiased judge. (Doc. 2 at 3 - 4.) These claims all arose out of Green's criminal proceedings in Lake County

1

District Court from February 3, 2005 until August 31, 2006. (Doc. 2 at 5.) Green seeks a new trial, release from incarceration, and a mental health evaluation. (Doc. 2 at 5.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Green is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### III. ANALYSIS

Usually, a plaintiff who has failed to allege sufficient facts will be granted leave to amend. However, in this case, it is clear from the face of the Complaint that Green cannot state a claim for relief that the Court will hear. His Complaint will be dismissed.

First, Green has named Judge Christopher and D.A. Mitchell Young, who are likely immune from suit for their actions related to his prosecution and trial. Second, Green has named two private individuals, Kraig and Nistler, who cannot be sued under 42 U.S.C. § 1983 as private persons. Section 1983 applies only to those "acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Finally, and fatal to Green's suit, the Court has no authority to invalidate a state court judgment or sentence, due to various considerations of the balance

between state and federal courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Heck v. Humphrey*, 512 U.S. 477 (1994). To the extent Green seeks immediate release from custody because he is illegally incarcerated, his remedy lies in a writ of habeas corpus, and not in a 42 U.S.C. § 1983 suit. He must take his claims to state court via a petition for postconviction relief.

On the other hand, to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994). A claim for damages related to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487. Green has not established that his state court conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. As such, *Heck* bars this Court's consideration of his claim.

## IV. CONCLUSION

Green's Complaint names immune and private person defendants and is

barred by the considerations of *Heck*. Though generally amendment is liberally allowed, in this case, the defects in Green's Complaint are such that amendment would be futile.

Accordingly, IT IS ORDERED that:

1. Green's Complaint is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

3. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Green's allegations fail to state a claim and are *Heck*-barred. The *Heck* bar is apparent on the face of the complaint. *See Washington v. L.A. Cty. Sherriff's Dep't*, 833 F.3d 1048, 1056-57 (9th Cir. 2016).

DATED this 30th day of July, 2024.

Donald W. Molloy, District Judge
United States District Court